Argued January 18, affirmed and suit dismissed February 1, 1921.

# ROHRBACHER *v.* WRIGHT.

. (195 Pac. 343.)

**Deeds—Evidence Sufficient to Sustain Finding as to Delivery Contrary to Terms of Escrow Agreement.**

1. In suit by the owner of a lot for cancellation of a deed and mortgage thereon, on the ground that the deed, delivered in escrow, was delivered by the holder contrary to condition, and the grantee mortgaged the land, evidence as to the terms of the alleged escrow agreement *held* sufficient to sustain the trial court's finding contrary to plaintiff's contention.

**Escrows—Grantee and Mortgagee Without Knowledge of Fraud of Escrow Holder must be Protected.**

2. Where the owner of land executed a deed with the grantee blank and deposited it in escrow, and the grantee, whose name was filled in by the escrow holder, and the grantee's mortgagee, did not participate in or have knowledge of the fraud on the part of the escrow holder against the owner, they must be protected, and the loss, if any, adjusted between the owner and the escrow holder, his agent.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

In substance, the complaint states that the plaintiff at all the dates mentioned therein was the owner of a certain lot in Portland, and that at the instance of one Brown, representing to him that he could effect an exchange of plaintiff's property for a tract of land in Clark County, Washington, known as the "Kangus place," the plaintiff signed and sealed a deed, leaving blank the name of the grantee, the consideration and. the description of the property, and left the same with one Cooper in escrow on condition that when Cooper should receive a deed conveying to plaintiff the Kangus place, the title thereto

1. On necessity of strict compliance with conditions of escrow agreement, see note in L. R. A. 1916A, 502.

2. Liability of depository for wrongful delivery of escrow, see notes in 130 Am. St. Rep. 943; Ann. Cas. 1915A, 277; L. R. A. 1917E, 907.

being perfect, Cooper should complete the deed signed by the plaintiff and deliver it as the deed of plaintiff; otherwise not. ' It is further stated that, contrary to the instructions he had given Cooper, the latter filled in the name of the defendant Wright as grantee, together with the description, and delivered the deed thus completed to Wright, who thereafter recorded it and mortgaged the premises to the defendant Szarkowski, which mortgage was recorded, whereby the latter defendant claims a lien upon the property. The complaint closes with an allegation that on account of the transaction narrated the plaintiff is embarrassed in the use and disposition of the property. He prays for a cancellation of the deed and mortgage. There is no semblance of averment in the complaint that either of the defendants had any knowledge or intimation of the alleged wrongful conduct of Cooper.

Answering, the defendants deny the complaint. A hearing before the court resulted in a decree validating the deed and mortgage which the plaintiff sought to have canceled, and he has appealed.

AFFIRMED.    SUIT DISMISSED.

For appellant there was a brief over the name of *Messrs. Holgate, Murdoch & Hall,* with an oral argument by *Mr. Harry E. Hall.*

For respondent Wright, there was a brief and an oral argument by *Mr. W. L. Cooper.*

For respondent Szarkowski, there was a brief over the names of *Mr. William M. Gregory* and *Mr. George P. Lent,* with an oral argument by *Mr. Gregory.*

BURNETT, C. J.—1. The plaintiff is alone in his testimony about the terms of the alleged escrow agreement. It is not pretended that this was in writing. He is opposed by the testimony of Cooper and Brown, who flatly deny that the Kangus place was included in the arrangement. They contend that the escrow agreement was to the effect that the plaintiff should have in exchange for the property described in the complaint a certain apartment house in Portland, and that the deed for the latter property was made and tendered to him and by him refused. The suit seems to be a companion case of *Rohrbacher* v. *Strain,* 95 Or. 1 (186 Pac. 583), in which Mr. Justice BENNETT considered the testimony, reaching the conclusion that as the trial court had the witnesses before it and heard their testimony, it had a much better opportunity than this court to judge of their truthfulness, and held that we were not justified in disturbing the findings. In the contradictory state of the testimony in the instant case, we feel bound by the doctrine there announced as to the question of fact.

2. On the question of law, the case is governed in principle by *Harth* v. *Pollock,* 97 Or. 663 (193 Pac. 202). There, the land owner deposited with his agent a deed to property, leaving the name of the grantee blank, to be filled in by the agent. The latter fraudulently wrote in his own name and procured a loan from the defendant Pollock, mortgaging the property in security therefor. The principle decided in that case was that where a property owner places it in the power of his own agent to defraud an innocent purchaser or encumbrancer, the law will protect the latter. In this case, conceding that Cooper violated the terms of the escrow agreement,

it is not even intimated in the complaint that the defendant grantee or mortgagee had any knowledge of the terms of that agreement or of its existence, or of the alleged disobedience of Cooper. They found Cooper equipped with the plaintiff's deed, confessedly with the assent and authority of the plaintiff. They both acted innocently, so far as either allegation or proof is concerned, the one taking and the other relying on delivery of the deed as authorized and regular. In such case, as the situation was brought about by the action of the plaintiff and without participation in or knowledge by the defendants of the alleged fraud of Cooper, they must be protected, and the loss, if any, must be adjusted between the plaintiff and his own agent, Cooper.

The decree is affirmed and the plaintiff's suit dismissed.          AFFIRMED.   SUIT DISMISSED.

McBRIDE, BENSON and HARRIS, JJ., concur.