Argued February 1; modified June 20, 1939

## BECHTEL *v.* BECHTEL ET AL.

(91 P. (2d) 529)

Department 2.

*Harry G. Hoy*, of Portland (M. B. Bump, of Hillsboro, and Hoy & Doxey, A. E. Glickman, and Arthur E. Prag, all of Portland, on the brief), for appellant.

*O. D. Eby*, of Oregon City, for respondents.

LUSK, J.  This suit was commenced by the respondent, Rex S. Bechtel, against his father, the appellant, Shelton Bechtel, to quiet title to certain lands, comprising approximately 69 acres, in section 1, township 3 south, range 2 west of Willamette Meridian in Washington county, Oregon.

The complaint is in the ordinary form.  The appellant filed a cross-complaint in which Unabel J. Bechtel, mother of Rex, and A. S. Clifford are named as party defendants in addition to Rex S. Bechtel.  This pleading alleges that the appellant is the owner of the property in question as trustee for the various members of the Bechtel family, and that he had deeded or caused to be deeded to E. A. Lestoe a portion of the property and to Noah Bechtel or Noah Bechtel and Ida Bechtel, his wife, another portion, and that to serve the appellant's convenience in handling and disposing of the properties he had caused blank deed forms to be executed and acknowledged by Mrs. Lestoe and Noah and Ida Bechtel with authority to appellant to insert the names of grantees and descriptions of the prop-

erty to be conveyed; but that Rex S. Bechtel and Unabel J. Bechtel took the deed forms without authority and inserted the name of Rex S. Bechtel as grantee therein and filled in the descriptions and caused the deeds to be recorded, and, further, that Rex S. Bechtel, without authority, executed and delivered to the respondent, A. S. Clifford, a mortgage upon a portion of the real property. A decree was sought canceling the deeds to Rex S. Bechtel and the mortgage to Clifford and declaring the appellant owner of the premises as trustee, free from any claim or lien of the respondents.

In an affirmative answer to the cross-complaint the respondents, besides denying the appellant's claim of ownership and the allegations that the deeds were completed and delivered to Rex S. Bechtel without authority, allege that on December 17, 1934, Rex S. Bechtel, then being the owner of the real premises in controversy, executed a mortgage for $1,500 to A. S. Clifford for the purpose of paying off and discharging the balance of a mortgage previously given by the appellant and his wife to Clifford covering 36 acres of the land, which balance at the time was $900 with delinquent interest and taxes and subject to foreclosure, and also to secure additional money with which to construct a dwelling house and make other improvements upon the land as a home for the respondent, Unabel J. Bechtel, who had been left without a home by reason of the facts that the appellant was confined in the Oregon state penitentiary, and that Shelton Bechtel and his wife had been compelled to sell their home at a sacrifice to prevent a deficiency judgment against Elaine Bechtel O'Leary, a daughter, who had executed a mortgage on the property at the request of the appellant. They allege further that the

additional sum of $600 secured through the Clifford mortgage was expended in the construction of a dwelling house and other improvements on the 36 acre tract where the respondent, Rex S. Bechtel, with the help of his brothers, Ted, Omar and Emanuel, had established their mother in a comfortable home; and that in addition to this sum of $600 Mrs. Unabel J. Bechtel and the four sons had expended the sum of $3,400 in the construction of buildings and making other permanent improvements, and the further sum of $400 in permanent equipment now on the lands.

Issue having been joined and a trial had, the circuit court entered a decree in accordance with the prayer of the complaint.

The facts out of which the controversy arises are unusual in their nature and in some respects more or less obscure. The property is known as the Middleton place and since 1922 has been the home of the Bechtels.

The appellant claimed in his cross-complaint, as we have seen, that he owned the property as trustee for "the various members of the Bechtel family", meaning thereby the family of his parents. He supported this claim by evidence that the property was purchased with moneys derived from the sale of property which had belonged to his parents who were residents of Idaho. The respondents, Rex S. Bechtel and his mother, challenged this claim in their testimony. Mrs. Bechtel stated that her mother, Mrs. E. A. Lestoe, held the property in trust for herself and the children and that "there is probably a record of it some place in court", and Rex S. Bechtel testified substantially to the same effect; but no court record was produced and no facts were supplied to support what is little more than the conclusion of these witnesses.

It is conceded that before Shelton Bechtel went to the penitentiary, in March, 1934, Mrs. Lestoe and Noah and Ida Bechtel held legal titles to all the property (which then comprised approximately 80 acres), the former to a tract 36 acres in area, the latter to a tract 45.02 acres in area, and that they executed and acknowledged deed forms in which the names of the grantees were left blank, and containing no descriptions save of section, township and range, county and state, and that after Shelton Bechtel went to the penitentiary Mrs. Unabel J. Bechtel caused these deeds to be completed with appropriate descriptions and the name of Rex Bechtel as grantee in each of them and to be delivered to him. The parties agree that neither Mrs. Lestoe nor Noah and Ida Bechtel had anything beyond bare legal titles except the possible interest of Noah Bechtel as one of ''the various members of the Bechtel family''. Mrs. Lestoe was dead at the time of the trial, and neither Noah nor Ida Bechtel was called as a witness.

After this suit was commenced, however, in October, 1935, Mrs. Lestoe and Noah and Ida Bechtel executed to Shelton Bechtel deeds purporting to convey to him the properties, respectively, to which they had held the legal title, and attempting by way of recital to repudiate the deeds previously executed by them in blank and which were concededly completed by Mrs. Unabel J. Bechtel or under her direction and delivered to her son, Rex: On this record it is impossible to come to any other conclusion than that as between Mrs. Bechtel and her husband the latter was the owner, either in his own right or as trustee, as he says, of the properties in controversy. There is thus left as the principal question of fact for determination whether or not Mrs.

Bechtel was authorized by her husband to fill in the blank deeds with descriptions and the name of Rex S. Bechtel as grantee and deliver them to him, and thereby convey to the son all of her husband's real estate.

■ Without reciting the evidence in detail we think it sufficient to state our conclusion from an examination of the record, that the blank deeds were executed by Mrs. Lestoe and Noah and Ida Bechtel pursuant to Shelton Bechtel's instructions and in accordance with a peculiar practice which he had long followed, and that they were left in his house at the time he was committed to the penitentiary in March, 1934. Actually they were left in Mrs. Bechtel's custody, and there is no basis for the charge in the appellant's cross-complaint that Mrs. Bechtel and her son Rex rifled his papers and obtained possession of the Noah and Ida Bechtel deed by fraud.

When Shelton Bechtel went to the penitentiary the affairs of the family were in bad shape. He and his wife were both apparently low in funds. A mortgage on approximately 45 acres of the property—which had been given by a daughter, Elaine Bechtel O'Leary—had been foreclosed, though sale under execution had been stayed by the court.

The amount of money needed to redeem this property, to pay attorneys' fees, and some incidental expenses, was in excess of $2,700, and to raise this amount it was proposed to sell a part of the 45 acre tract, comprising 8 acres, on which the Bechtel home was located, and another piece adjoining it containing 4 acres for $2,450. Mr. O. D. Eby, an attorney of Oregon City, was advising the family about this transaction, and Mr. Luby Hargrove, a real estate agent,

was negotiating the sale, having been requested to do so by Shelton Bechtel before he entered the penitentiary. Under date of June 8, 1934, a sale of the land referred to was agreed upon in writing, Hargrove signing the earnest money receipt as agent for the purchaser, May W. Martin, and Shelton Bechtel and Unabel J. Bechtel signing it as vendors. To consummate the deal Rex Bechtel gave a deed to the purchaser; and he and a brother, Theodore, supplied the additional money needed to pay off the indebtedness against the property.

Regarding this transaction and their affairs in general Shelton Bechtel, while in the penitentiary, wrote a number of letters to his wife and one to Hargrove, the real estate agent. For the most part the meaning of these letters is about as clear as some of the more recondite passages in the writings of Gertrude Stein, but, having in view the situation of the parties, there may be extracted from them implied authority to Mrs. Bechtel to deal with the property so as to save as much of it as possible, and to use the blank deeds as she might see fit in carrying out whatever transactions might seem necessary and expedient to that end. Thus, the letter to Hargrove contained this language: "Mrs. Bechtel had some ack. deed for the 80 acres"; and he wrote to his wife: "Regarding deal by Hargrove on 12 acres, you should write him to push that in a hurry— a bunch of deeds have been filled in partially and bundled with attached descriptions", and "Rex can take deed from Noah and Ida. We can pay Noah later the $2,000." There are also references in the letters to building a new home. In one he wrote: "Glad Rex will be home so he and Omar (another son) can do some building."

The Clifford mortgage, which the appellant seeks to have cancelled, was executed by Rex Bechtel under date of December 17, 1934, covers all the land in controversy and was given in consideration of the release of an existing mortgage from Shelton and Unabel J. Bechtel to respondent Clifford on the 36 acre tract, together with the loan of an additional sum of $600. The sum of $900 was owing on the original mortgage at the time of this transaction. In June, 1934, this mortgage was delinquent and was extended by the mortgagee for a period of two years on condition that Rex Bechtel construct a house on the mortgaged premises and pay certain delinquent taxes and interest. Apparently Rex Bechtel was unable to comply with these conditions, and in November, 1934, the new mortgage was given on the entire property and the additional sum of $600 was borrowed and used in improving the property. The house was built by Rex Bechtel and his brothers, and was occupied by Mrs. Unabel J. Bechtel as her home. Rex Bechtel testified that he expended a sum in excess of $1,000 in making these improvements.

The deed which Rex Bechtel gave to May W. Martin, conveying 12 acres of the land to which Noah and Ida Bechtel had formerly held the legal title, stands unquestioned in this case, and to that extent, therefore, it may be said that the appellant has ratified the act of his wife in causing the conveyance to be made to Rex Bechtel. As to the Clifford mortgage the appellant's position is highly inequitable since he asks to have this mortgage cancelled without offering to reinstate the mortgage executed by himself which Clifford released. As previously indicated, Mrs. Unabel J. Bechtel had implied authority (see *Cribben v. Deal,*

21 Or. 211, 217, 27 P. 1046, 28 Am. St. Rep. 746) from her husband to deliver the completed deeds to Rex Bechtel for the purpose of giving this mortgage, and that included the authority to borrow additional money to be used in improving the property, the benefit of which inures to the appellant. If this were not so, Clifford would be protected, as an innocent purchaser, under the doctrine of *Harth v. Pollock,* 97 Or. 663, 193 P. 202, and *Rohrbacher v. Wright,* 99 Or. 186, 195 P. 343.

We are unable, however, to find any evidence in the record to support the view that Shelton Bechtel ever authorized his wife to use the blank deeds as a medium for vesting in Rex Bechtel the beneficial ownership of all his property, nor can it be successfully claimed that the appellant is estopped to dispute his son's title, as in *Harth v. Pollock*, supra, and *Rohrbacher v. Wright*, supra, since Rex Bechtel paid no consideration. We are of the opinion, therefore, that Rex Bechtel is a constructive trustee of the lands for his father, subject to the lien of the Clifford mortgage: *Springer v. Young,* 14 Or. 280, 283, 12 P. 400; 65 C. J. 454, § 215; 3 Pom. Eq. Jur. 2370, § 1044.

It is in evidence that Rex Bechtel expended a large sum of money, the exact amount of which we are unable to determine accurately from this record, in building a house and making other improvements on the property. He also has paid taxes and interest on the mortgage, the amount of which is not shown. Undoubtedly he believed in good faith that he was the owner. Notwithstanding the relation of parent and child, since Rex Bechtel was of age and had been away from home and supported himself, no presumption should be indulged that these services were rendered and moneys advanced

gratuitously: 28 R. C. L. 680, §15. Under the familiar rule that one must do equity if he is to obtain equity, the appellant should reimburse the respondent, Rex Bechtel, for these expenditures, as a condition precedent to obtaining a constructive trust and a decree of conveyance: 3 Bogert Trusts and Trustee, 1461, § 472; *Andersen, Meyer & Co. v. Fur and Wool Trading Co.,* 14 Fed. (2d) 586.

The decree of the circuit court will, therefore, be modified in accordance with the views herein expressed. The cross-complaint is dismissed in so far as it seeks cancellation of the Clifford mortgage, which is declared to be a valid and subsisting first lien against the premises; and the respondent, Rex Bechtel, is declared to be a constructive trustee of the lands for the appellant, who will be entitled to a conveyance from Rex Bechtel whenever, but not before, the appellant shall have reimbursed Rex Bechtel for expenditures made by way of permanent improvements and for taxes and interest paid. The case will be remanded to the circuit court for the taking of testimony on these issues and the decision thereof. Either party may apply to the circuit court for leave to file such amended pleadings as they may deem appropriate for these further proceedings. The respondent, A. S. Clifford, will recover costs and disbursements from the appellant; otherwise no costs or disbursements will be allowed.

RAND, C. J., and BELT and BAILEY, JJ., concur.