Argued and submitted November 6, 2007, decision of Court of Appeals reversed; judgment of circuit court affirmed December 11, 2008

## Dale L. LILES
and Karen Marie Liles,
husband and wife,
*Petitioners on Review,*

*v.*

## DAMON CORPORATION,
an Indiana Corporation,
*Respondent on Review.*

(CC 033086; CA A129113; SC S054734)

198 P3d 926

Gary E. Norman, Albany, argued the cause and filed the brief for petitioners on review.

William A. Drew, of Elliott, Ostrander and Preston PC, Portland, argued the cause and filed the briefs for respondent on review.

Brian S. Campf, of Brian S. Campf, PC, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

DURHAM, J.

---

** Linder, J., did not participate in the consideration or decision of this case.

## DURHAM, J.

Plaintiffs brought this action under ORS 646A.400 to 646A.418, commonly known as Oregon's Lemon Law,[1] seeking replacement of a motor home that they had purchased. The issue on review concerns the proper interpretation of ORS 646A.402, which we quote below in full. Under that statute, a statutory remedy is "available to a consumer" if, among other things, the manufacturer of a motor vehicle has received "direct written notification" from the consumer and "has had an opportunity to correct the alleged defect." ORS 646A.402(3).

After a trial, the trial court found that plaintiffs had satisfied the statutory requirements and granted relief. Specifically, the court rejected defendant's contention that ORS 646A.402(3) obligated plaintiffs to afford defendant the opportunity to correct the alleged defect *after* sending written notification to defendant and *before filing* their action. In its judgment, the court made the following finding of fact:

> "The Court finds that the manufacturer did receive adequate written notification of these defects from the Plaintiffs and that the manufacturer also had ample opportunity to correct the defects."

On appeal, the Court of Appeals reversed. The Court of Appeals concluded that the conditions in the statute applied in sequence: that is, the delivery of the consumer's "direct written notification" of the defect must occur before the manufacturer has any "opportunity to correct" the defect under the statute. Moreover, the court determined that each statutory condition "must be met before seeking a remedy under the Lemon Law[,]" meaning that plaintiffs had to satisfy each condition *before filing* their action. *Liles v. Damon Corp.*, 210 Or App 303, 314, 150 P3d 432 (2006). According to the Court of Appeals, plaintiffs had satisfied the written notice requirement but, after doing so, had not provided defendant an opportunity to correct the alleged defect before

---

[1] Plaintiffs brought their action in 2003 under the statutes then in effect. In the interim, the legislature renumbered the statutes that comprise Oregon's Lemon Law but did not change their substantive terms. We refer in this opinion to the renumbered statutes.

filing their action. This court granted review to determine whether the Court of Appeals had correctly construed the requirements in Oregon's Lemon Law.

■ We view the evidence in the light most favorable to plaintiffs, who prevailed at trial. On December 30, 2002, plaintiffs purchased a motor home from a dealer in Sandy, Oregon. Defendant manufactured the motor home. According to the trial court's finding, plaintiffs

"began contacting the factory representatives by phone in April of 2003 regarding the water leak problems they were experiencing with the unit. They contacted the factory representative about the many problems with the motor home numerous times between April 2003 and December 2003. The Plaintiffs also presented numerous times between April 2003 and December 2003. The Plaintiffs also presented numerous repair orders from the selling dealer representing many unsuccessful attempts to repair the water leaks in this unit during that same period [of] time."

The vehicle dealer performed most of the unsuccessful attempts to repair the leaks. However, the trial court found that, on one occasion, defendant directed plaintiffs to submit the vehicle for repair at a different repair shop. That attempted repair occurred on December 9, 2003, but it, too, was unsuccessful. According to the trial court, that attempted repair "was specifically authorized by the manufacturer as their attempt to cure the defect[ ]" and "was an opportunity to correct the defect before the lawsuit was filed even though written notice wasn't given."

On December 23, 2003, an attorney representing plaintiffs sent a letter to defendant under Oregon's Lemon Law. The letter described the water leak problems and plaintiffs' unsuccessful efforts to resolve them through multiple repair efforts and through several discussions with defendant's representatives, including its president and "the field person for Damon in charge of repairs." The letter requested the replacement remedy under the Lemon Law, ORS 646A.404(1)(a), which we quote below. The letter also stated:

"Because of the timeline of the statute in this case, I must file a Complaint under the Oregon Lemon Law within one

year of the delivery date, which was December 30, 2002.[2] Please let me hear from you right away."

Defendant received the letter described above on December 29, 2003. Plaintiffs filed their action the next day, December 30, 2003. In January 2004, plaintiffs informed defendant that it could have access to the vehicle, but defendant took no further action to assess or repair the rainwater leaks. The case was tried to the court sitting without a jury on February 24, 2005, and the court entered judgment for plaintiffs on June 7, 2005. As noted, the Court of Appeals reversed, and we allowed plaintiffs' petition for review.

■■ This case requires the interpretation of several statutory provisions in Oregon's Lemon Law. We begin with the text and context of the statutes and endeavor to give meaning to all parts of those statutes.

ORS 646A.402 provides:

"The remedy under the provisions of ORS 646A.400 to 646A.418 is available to a consumer if:

"(1)   A new motor vehicle does not conform to applicable manufacturer's express warranties;

"(2)   The consumer reports each nonconformity to the manufacturer, its agent or its authorized dealer, for the purpose of repair or correction, during the period of one year following the date of original delivery of the motor vehicle to the consumer or during the period ending on the date on which the mileage on the motor vehicle reaches 12,000 miles, whichever period ends earlier; and

"(3)   The manufacturer has received direct written notification from or on behalf of the consumer and has had an opportunity to correct the alleged defect. 'Notification' under this subsection includes, but is not limited to, a

---

[2] The Court of Appeals concluded that plaintiffs' attorney's interpretation of the applicable statute of limitations was mistaken. *Liles,* 210 Or App at 305 n 2. We agree with the Court of Appeals. Under ORS 646A.416, plaintiffs had to file their action within one year *after* whichever of the following time periods ended earlier:

"(1)   The period ending on the date on which the mileage on the motor vehicle reaches 12,000 miles; or

"(2)   The period of one year following the date of the original delivery of the motor vehicle to the consumer."

request by the consumer for an informal dispute settlement procedure under ORS 646A.408."

ORS 646A.404(1) describes the remedy that is available to a consumer:

"If the manufacturer or its agents or authorized dealers are unable to conform the motor vehicle to any applicable manufacturer's express warranty by repairing or correcting any defect or condition that substantially impairs the use, market value or safety of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall:

"(a) Replace the motor vehicle with a new motor vehicle; or

"(b) Accept return of the vehicle from the consumer and refund to the consumer the full purchase or lease price paid, including taxes, license and registration fees and any similar collateral charges excluding interest, less a reasonable allowance for the consumer's use of the vehicle."

ORS 646A.406 creates a presumption, potentially usable during litigation, about whether the vehicle manufacturer or dealer has undertaken a "reasonable number of attempts" to conform the vehicle to applicable manufacturer's express warranties. That statute provides, in part:

"(1) It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable manufacturer's express warranties if, during the period of one year following the date of original delivery of the motor vehicle to a consumer or during the period ending on the date on which the mileage on the motor vehicle reaches 12,000 miles, whichever period ends earlier:

"(a) The same nonconformity has been subject to repair or correction four or more times by the manufacturer or its agent or authorized dealer, but such nonconformity continues to exist; or

"(b) The vehicle is out of service by reason of repair or correction for a cumulative total of 30 or more business days.

"(2) A repair or correction for purposes of subsection (1) of this section includes a repair that must take place after the expiration of the earlier of either period.

"* * * * *

"(4) In no event shall the presumption described in subsection (1) of this section apply against a manufacturer unless the manufacturer has received prior direct written notification from or on behalf of the consumer and has had an opportunity to cure the defect alleged."

ORS 646A.412(1) describes additional remedies available to a consumer in a successful action under the statute "against a manufacturer * * *." ORS 646A.414(1) confirms that the statute does not create an action against a vehicle dealer.

Several features of the statutory text are noteworthy. The statutory remedy is "available to a consumer" under ORS 646.402 only if the consumer communicates certain information to others. First, under ORS 646A.402(2), the consumer must "report[ ]" the defects to "the manufacturer, its agent or its authorized dealer, for the purpose of repair or correction" within the timeframe that the subsection describes. The statute does not require that communication to be in writing. Second, the consumer or someone acting on the consumer's behalf must give the manufacturer "direct written notification." The statute does not describe the information that the consumer's written notice must contain beyond confirming that a consumer's request for an informal dispute settlement procedure under ORS 646A.408 constitutes notification. There is no dispute here that plaintiffs satisfied both of the statutory notice requirements described above.

The issue presented is whether defendant "has had an opportunity to correct the alleged defect" under ORS 646A.402(3). As noted, defendant contends that the opportunity for correction must occur *after* it receives the consumer's written notification under ORS 646A.402(3) but also *before* the consumer files an action. Defendant asserts that plaintiffs afforded it no opportunity to correct the defect under the statute because only one day elapsed between its receipt of

plaintiffs' attorney's letter on December 29, 2003, and the filing of the action on December 30, 2003.

Defendant's contention that a single day did not afford a reasonable opportunity to correct the vehicle's defects fails because it proceeds from an erroneous construction of ORS 646A.402(3). Notably, the statute does not state that the consumer's written notification and the manufacturer's opportunity for correction are *prefiling* requirements—that is, required procedural steps that must occur before the filing of the action. Rather, ORS 646A.402 states that those requirements are conditions that must exist if the statutory remedy is to be "available to a consumer[.]"

That distinctive terminology refers to conditions that the court must assess when it exercises its authority to grant or deny the requested remedy; it does not create a prefiling requirement. When the legislature has created prefiling procedural requirements in other contexts, it has used terms that unmistakably convey that intent. For example, ORS 20.080(1),[3] ORS 105.445,[4] and ORCP

---

[3] ORS 20.080(1) provides:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, *if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465*, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff."

(Emphasis added.)

[4] ORS 105.445(2) provides:

"Notwithstanding any other provision of law or any purchase money security interest, the issuance of the notice under ORS 105.430(2) shall constitute a default under the purchase money security interest, and *if the violations of the building or housing codes listed in the notice are not corrected within 30 days after the mailing of the notice, the vendor, mortgagee or beneficiary under the purchase money security interest may commence proceedings to exercise the remedies set forth in the purchase money security interest*."

(Emphasis added.)

32 H[5] create procedural requirements in certain statutory proceedings that must occur before a plaintiff commences the action in question. ORS 646A.402(3) lacks any counterpart to the substantive terms of those prefiling requirements.

Defendant contends that the word "alleged" in ORS 646A.402(3) indicates that the defect to which the manufacturer's opportunity to correct pertains must be a defect that the consumer has "alleged" in the written notification. According to defendant, the term "alleged" suggests that the two procedural conditions in ORS 646A.402(3) must apply in sequence.

Even if we were to accept defendant's point for the sake of argument, it would not support defendant's further view that the conditions in ORS 646A.402(3) must be met

---

ORS 105.430(2) provides:

"At least 60 days prior to the filing of an application for appointment of a receiver pursuant to ORS 105.420 to 105.455, the city or county shall give written notice by regular mail to all interested parties of its intent to file the application and information relative to:

"(a) The identity of the property;

"(b) The violations of the building or housing codes giving rise to the application for the receiver;

"(c) The name, address and telephone number of the person or department where additional information can be obtained concerning violations and their remedy; and

"(d) The city or county which may seek the appointment of a receiver pursuant to ORS 105.420 to 105.455 unless action is taken within 60 days by an interested party."

[5] ORCP 32 H provides:

"H(1) *Thirty days or more prior to the commencement of an action for damages pursuant to the provisions of sections A and B of this rule, the potential plaintiffs' class representative shall*:

"H(1)(a) *Notify the potential defendant of the particular alleged cause of action*; and

"H(1)(b) *Demand that such person correct or rectify the alleged wrong.*

"H(2) Such notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred, such person's principal place of business within this state, or, in the case of a corporation or limited partnership not authorized to transact business in this state, to the principal office or place of business of the corporation or limited partnership, and to any address the use of which the class representative knows, or on the basis of reasonable inquiry, has reason to believe is most likely to result in actual notice."

(Emphasis added.)

before the commencement of an action. But it is not self-evidently true that defendant is correct when it argues that the word "alleged" in the phrase "alleged defect" refers solely to an aspect of the consumer's written notification under ORS 646A.402(3). The term "alleged" means "asserted to be true or to exist." *Webster's Third New Int'l Dictionary* 55 (unabridged ed 2002). That definition embraces both written and oral assertions of a defect by the consumer. In context, the term "alleged" serves only to link the manufacturer's "opportunity to correct" with the defect for which the consumer seeks a statutory remedy; it does not create any additional notice requirement.

The "opportunity to correct" requirement in ORS 646.402(3) assures the manufacturer that it will have a chance to repair or correct the nonconformity of which the consumer complains before the court determines the availability of the statutory remedies to the consumer. The statute affords at least two opportunities to the consumer to identify the nonconformity for that purpose: (1) the report to the manufacturer, its agent or its authorized dealer under ORS 646A.402(2), and (2) the written notification under ORS 646.402(3). As noted, the first of those methods may be accomplished orally, in writing, or a combination of both.

It is significant that ORS 646A.402(3) does not require the consumer's "direct written notification" to include any specific contents, such as a particular description of the vehicle's defects. The written notification under subsection (3) may consist of as simple a message as a request for an informal dispute settlement procedure that might not include any "allegations" of a vehicle's defects.

The terms of ORS 646A.402, viewed in their entirety, indicate that, when the court determines whether a statutory remedy is available to the consumer, the consumer must have (1) reported the vehicle's defect to the manufacturer, its agent, or authorized dealer in a timely manner; and (2) given a direct written notification to the manufacturer. In addition, the manufacturer must have had an opportunity to correct *that* defect, not some different defect. The ordinary meaning of the word "alleged" in ORS 646A.402(3) does not confine the manufacturer's opportunity to repair solely to a

defect that the consumer has described in the written notification.

Finally, the legislature's intent becomes clear when we contrast the wording of ORS 646A.402(3) with that of ORS 646A.406(4), quoted above. In the latter statute, the legislature has assured manufacturers that the described presumption in favor of the consumer will not apply against them "unless the manufacturer has received *prior* direct written notification from or on behalf of the consumer and has had an opportunity to cure the defect alleged." (Emphasis added.) The term "prior" in that context confirms that, for purposes of applying the presumption, the consumer notification must precede the manufacturer's opportunity to cure the defect.

The legislature did not include the word "prior" in ORS 646A.402(3) and, if possible, we must accord legal meaning to that omission. That task is not difficult in this case. In ORS 646A.406(4), the legislature determined that a manufacturer should be protected from the operation of the evidentiary presumption unless it had engaged in specific conduct: failing to use an opportunity to cure the vehicle defect *after* receiving direct written notification from the consumer. By contrast, under ORS 646A.402(3), the written notification is a condition regarding the availability of the statutory remedy and it serves to ensure that the manufacturer is aware of the consumer's dispute, but it need not necessarily precede the manufacturer's opportunity to correct in order for the statutory remedy to be available.

We can discern the legislature's intent from an examination of the statutory text in context. In doing so, we have given effect to every part of the pertinent statutes, including the legislature's omission of the word "prior" in ORS 646A.402(3), as noted above. Because the legislature's intent is clear from our inquiry into text and context, further inquiry is unnecessary.

In this case, before the trial court adjudicated the availability of the statutory remedy to plaintiffs under ORS 646A.402, defendant had an opportunity to correct the defect that was the subject of plaintiffs' action. On December 9,

2003, plaintiffs, acting on defendant's instructions, submitted their vehicle for repair at a facility selected by defendant. That attempted repair was unavailing. A separate opportunity to repair occurred when plaintiffs made the vehicle available to defendant in January 2004, after plaintiffs filed this action. Defendant took no action in response to that opportunity to repair the vehicle. The filing of the action did not cut off defendant's opportunity to correct the defects in plaintiffs' vehicle. We are satisfied that defendant had an ample opportunity to cure the vehicle's alleged defects before the trial court determined that the statutory remedy was available to plaintiffs under ORS 646.402.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.