790 February 13, 2014 No. 10

IN THE SUPREME COURT OF THE
STATE OF OREGON

EVERGREEN WEST BUSINESS CENTER, LLC,
an Oregon limited liability company,
*Petitioner on Review,*

*v.*

Terry W. EMMERT,
*Respondent on Review,*
*and*

PREMIER WEST BANK,
*Impartial.*

(CC CV07020348; CA A146301; SC S061049 (Control))

EVERGREEN WEST BUSINESS CENTER, LLC,
an Oregon limited liability company,
*Respondent on Review,*

*v.*

Terry W. EMMERT,
*Petitioner on Review,*
*and*

PREMIER WEST BANK,
*Impartial.*

(SC S061158)

En Banc

On review from the Court of Appeals.*

Argued and submitted November 4, 2013.

John M. Berman, Tigard, argued the cause for petitioner on review/respondent on review Evergreen West Business Center, LLC. With him on the briefs was J. Rion Bourgeois.

Hollis K. McMilan, Portland, argued the cause and filed the briefs for petitioner on review/respondent on review Terry W. Emmert.

_____

\* Appeal from Clackamas County Circuit Court, Jeffrey S. Jones, Judge. 254 Or App 361, 296 P3d 545 (2012).

Cody Hoesly, Larkins Vacura LLP, Portland, and Phil Goldsmith, Law Office of Phil Goldsmith, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

BREWER, J.

The decision of the Court of Appeals is reversed and the case is remanded to that court for consideration, in light of this decision, of the parties' remaining assignments of error.

**BREWER, J.**

For centuries, the choice between legal and equitable remedies in civil actions has been informed by the shibboleth that equitable relief ordinarily is not available when the claimant has an adequate legal remedy. *See*, *e.g.*, *Norton v. Elwert*, 29 Or 583, 587, 41 P 921 (1895) (stating principle). This case, which involves alternative legal and equitable claims for damages and a constructive trust on real property that arose from the same breach of fiduciary duty, provides an opportunity to reexamine the foundations of that principle. The primary issue on review is whether plaintiff's election of the equitable constructive trust remedy was foreclosed by a jury determination that plaintiff's damages for the breach of fiduciary duty were $1. For the reasons set out below, we conclude that the trial court properly permitted plaintiff to elect its equitable remedy.

We state the facts in the light most favorable to plaintiff, the prevailing party at trial. *Liles v. Damon Corp.*, 345 Or 420, 423, 198 P3d 926 (2008). Plaintiff is a limited liability company that looked to defendant, who was one of its members, to save its property from foreclosure by a lender. Defendant did save the property from foreclosure by purchasing the loan and associated encumbrance for his own benefit for $613,979.49. Defendant then foreclosed on the property himself, bought it at a foreclosure sale with a maximum credit bid, and then encumbered the property with a $900,000 loan from a different lender.

Plaintiff brought this action for breach of fiduciary duty, seeking in separate claims alternative forms of relief: either damages or a constructive trust on the property that defendant acquired. Plaintiff alleged in both claims that the property was worth $1,390,000 when defendant acquired it for himself. In its claim for a constructive trust, plaintiff alleged:

"[Defendant] obtained title to [the disputed] real property by fraud and breach of his fiduciary duty to plaintiff and the other members of plaintiff and by taking an opportunity that belonged to plaintiff.

"The court should declare that defendant holds title to said real property in trust for plaintiff and said members.

"The affairs of plaintiff should be wound up, said real property sold for the benefit of plaintiff and the proceeds distributed first to creditors and then to members as their interests may appear."

Plaintiff's claim for damages was identical in substance to the constructive trust claim except that, instead of equitable relief, plaintiff sought actual damages in the sum of $800,000, and, in addition, punitive damages. In the prayer of its complaint, plaintiff requested the following relief:

"Pursuant to its [constructive trust claim,] that the court declare that defendant holds said real property in a constructive trust for plaintiff, that the affairs of plaintiff be wound up and said property sold and that the proceeds by disbursed to pay plaintiff's creditors, and any remaining sum to be distributed to plaintiff's members or

"In the alternative and in the event no constructive trust is ordered, then for damages equal to the difference between the fair market value of said real property and the price paid for it by [defendant] together with any punitive damages that maybe awarded against him[.]"

At plaintiff's request, the trial court instructed the jury on the damage claim that, if defendant "breached a fiduciary duty owed to plaintiff," plaintiff "is entitled to any profits made by [defendant] as a result of the breach." The jury found in plaintiff's favor and awarded plaintiff actual damages of $1 and punitive damages of $600,000.

After the jury returned its verdict, defendant filed a motion to reduce the punitive damages award. The trial court granted that motion, reduced the punitive damages award to $4, and offered plaintiff the choice between a money judgment for $5 or a constructive trust. The court reasoned that a constructive trust was available to plaintiff, but that an award of equitable relief could not support a punitive damages award. Faced with the choice between a $5 award and the imposition of a constructive trust, plaintiff elected the latter remedy. The court then entered a judgment "that [plaintiff] is granted a constructive trust of the [p]roperty" and that the

"[p]roperty shall be sold by [plaintiff]. From the proceeds [plaintiff] shall repay to [defendant] the first $613,979.49. [Defendant] shall be responsible for paying any obligations for which [defendant] has pledged the [p]roperty. To the extent [defendant] does not do so, and proceeds from the sale of the [p]roperty are used to pay [defendant's] debt in excess of $613,979.49, [plaintiff] shall be entitled to a supplemental judgment for any such sums."

Defendant appealed, arguing that plaintiff was not entitled to a constructive trust, or, in the alternative, that the value of that trust should not exceed $1. Plaintiff also appealed, challenging the trial court's reduction of the punitive damages award. The Court of Appeals agreed with defendant on the constructive trust issue and agreed with plaintiff on the punitive damages issue. *Evergreen West Business Center, LLC v. Emmert*, 254 Or App 361, 296 P3d 545 (2012). This court allowed review of both parties' petitions for review. For the reasons set out below, we conclude that plaintiff was entitled to elect the constructive trust remedy. Moreover, because we uphold plaintiff's election of its equitable remedy, the jury verdict, including the punitive damages award, must be vacated; it follows that defendant's cross-appeal is moot. Accordingly, we reverse the decision of the Court of Appeals and remand to that court for consideration, in light of this decision, of the parties' remaining assignments of error.

Because it drives our overall analysis, we begin with plaintiff's challenge to the Court of Appeals' reversal of the constructive trust award. Before that court, defendant argued that the jury's verdict determined that the "unjust benefit" to defendant was $1 and, for that reason, the trial court lacked authority to impose a constructive trust that would allow plaintiff to recover more than that amount. Plaintiff, for its part, argued that defendant was unjustly enriched far more than the $1 jury verdict, because he "received property worth $1,390,000 by paying only $613,979.49 as a result of his breach of fiduciary duty." Moreover, plaintiff argued, the constructive trust remedy and damages remedy serve different purposes: "The constructive trust is imposed to give [plaintiff] back its property, not so that [plaintiff] can obtain a dollar."

As noted, the Court of Appeals agreed with defendant. In reversing the constructive trust award, the court explained:

> "In the abstract, we agree with [plaintiff's] contention that damages might be an inadequate remedy where an agent's breach of fiduciary duty has divested his principal of real property. However, that is not true here, given how this case was tried to the jury. As set out above, [plaintiff] did not seek damages in the amount of its own loss from [defendant's] actions; rather, [plaintiff] sought damages measured by [defendant's] gain. The jury was instructed, at [plaintiff's] request, that 'the non-breaching party is entitled to any profits made by the breaching party as a result of the breach.' [Plaintiff] offered evidence that the property was worth more than $1.3 million at the time of the foreclosure sale and that [defendant], by breaching his fiduciary duties to [plaintiff], had obtained that property for approximately $600,000. During closing arguments, [plaintiff's] counsel emphasized that evidence and told the jury that [defendant] had therefore profited 'overnight' more than $700,000. [Plaintiff] asked the jury to award that amount—that is, the profit that [defendant] obtained—to [plaintiff].

> "For whatever reason, the jury returned an award of damages in the amount of $1. It was only after the jury awarded nominal damages on that claim that [plaintiff] requested that the court rule on its alternative request for a constructive trust. Given that posture, we agree with [defendant] that the constructive trust imposed by the court was not a permissible equitable remedy."

*Evergreen West*, 254 Or App at 372-73 (emphasis omitted). The Court of Appeals further explained that "[e]quitable remedies are not for the purpose of correcting disappointing jury verdicts or remedying a failure of proof." *Id.* at 373. Relying on its own case law, the court reasoned that "there is a difference between a jury verdict that is inadequate as a matter of *law* and one that is inadequate as a matter of *fact*." *Id.* (emphasis in original). In this case, the court stated, "[plaintiff] has not seriously contended that [defendant] was unjustly enriched in a way that could not have been valued for or compensated by a damages award in this case. Rather, the contention is that the jury, as a matter of *fact*, did not actually award damages in accordance with the evidence." *Id.* at 375 (emphasis in original).

The court acknowledged that "real property is unique," but stated that plaintiff "has never suggested that the property should have been conveyed back to it; from the beginning, [plaintiff] has asked that the property be sold for its benefit. We also appreciate that the valuation of the property has changed over time, but that alone does not render damages an inadequate remedy." *Id.* at n 1. Thus, the court concluded:

> "Under the circumstances—that is, where the jury is presented with evidence of a damages claim that would wholly compensate the nonbreaching party—the equitable remedy of a constructive trust is not available simply because the jury returns a lesser verdict than requested."

*Id.* at 375.

On review, plaintiff asserts that the Court of Appeals was mistaken in concluding that its legal remedy was adequate. According to plaintiff and *amicus* Oregon Trial Lawyers Association (OTLA), (1) the availability of damages is not a bar to the award of a constructive trust; (2) the election among remedies for breach of fiduciary duty belongs to the claimant alone; and (3) plaintiff was entitled to make that election at any time before entry of judgment. Defendant replies that (1) plaintiff's damage claim was "an action at law" and therefore appropriately tried to a jury; (2) proof of unjust enrichment is an essential element in showing entitlement to a constructive trust; (3) the jury's verdict provided the definitive measure of plaintiff's unjust enrichment damages, so "[t]he court [was] bound by the jury's findings"; and (4) therefore, at most, plaintiff was entitled to a constructive trust to secure payment of the $1 damage award that the jury made.

To place the parties' arguments in their proper context, we first consider the nature of plaintiff's claims and the extent of their interrelationship. As pleaded, plaintiff's claim for damages was based on the doctrine of unjust enrichment, in that it sought a recovery "equal to the difference between the fair market value of said real property and the price paid for it by [defendant]." That theory focused on the unjust benefit that defendant derived, rather than the loss that plaintiff suffered. *See Porter Const. Co. v. Berry,*

136 Or 80, 91, 298 P 179 (1931). Similarly, the doctrine of unjust enrichment governed plaintiff's claim for a constructive trust. *See Tupper v. Roan*, 349 Or 211, 219, 243 P3d 50 (2010); *Barnes v. Eastern and Western Lbr. Co.*, 205 Or 553, 597, 287 P2d 929 (1955). Money relief and constructive trusts are parallel means at law and equity, respectively, of preventing unjust enrichment and forcing restitution to the plaintiff of something which in equity and good conscience did not belong to the defendant. *Derenco, Inc. v. Benj. Franklin Federal Sav and Loan Ass'n*, 281 Or 533, 559, 577 P2d 477 (1978). In short, both claims depended on plaintiff's entitlement to restitution for unjust enrichment based on defendant's breach of the same fiduciary duty.

The concept of constructive trust does not stand on its own as a substantive claim, but exists solely as an equitable remedy, available to divest an individual who has been unjustly enriched of property that he or she "ought not, in equity and good conscience, hold and enjoy." *Marston v. Myers et ux.*, 217 Or 498, 509, 342 P2d 1111 (1959). It is proper to use a constructive trust when there is some specific property identified as belonging to the plaintiff, but when no specific identifiable property is at issue and only a money judgment is requested, only the legal remedy is available. *Id*. However, as discussed, the rationale of the two remedies is identical. *Id*. If a pleader is unsure which theory can be established at trial, ORCP 16 C authorizes inconsistent claims or defenses, alternative statements of fact, and separate claims or defenses, "regardless of consistency and whether based upon legal or equitable grounds or upon both." *Davis v. Tyee Industries, Inc*., 295 Or 467, 479 n 9, 668 P2d 1186 (1983).

In *Tupper*, this court distilled from its prior decisions three "elements"[1] that a plaintiff must prove in order to prevail on an unjust enrichment claim, as a basis for imposing a constructive trust as an equitable remedy: (1) that property or a property interest that rightfully belongs to the plaintiff was taken or obtained by someone else under circumstances that in some sense were wrongful

---

[1] Although it seems anomalous to refer to "elements" of a remedy that, of itself, does not qualify as an independent substantive claim, we have used that description in *Tupper* and other cases and retain it here.

or inequitable; (2) that the person who now possesses the property is not a bona fide purchaser for value and without notice; and (3) by clear and convincing evidence, that the property in the hands of that person, *i.e.*, the property upon which the plaintiff seeks to impose a constructive trust, in fact is the very property that rightfully belongs to the plaintiff, or is a product of or substitute for that property. *Tupper*, 349 Or at 223.

The formula for entitlement to a constructive trust reveals the first problem with defendant's position. That is, although the right to restitution underlying a constructive trust depends on the defendant's having been unjustly enriched, the latter requirement does not mean that the wrongful acquisition must have been profitable to the defendant. In fact, it is not "material that there should be an advantage, or profit, arising out of a purchase by the [defendant] from the [plaintiff]. It is not necessary to prove such advantage or profit: it is enough to show the relation and the purchase." 1 *Perry on Trusts* § 197 (6th ed)). That being so, we reject defendant's argument that plaintiff was not entitled to a constructive trust in the absence of a determination that defendant "profited" from his appropriation of plaintiff's property.

As noted, defendant nevertheless contends that, in deciding the constructive trust claim, the trial court adopted the jury's verdict in the damage claim, including the jury's determination that the value of plaintiff's interest in the property was essentially worthless when defendant acquired it. In any event, according to defendant, the jury's damage determination controlled the resolution of the equitable claim, and, as the Court of Appeals reasoned, there was no justification for the imposition of a constructive trust to enforce a property interest of such negligible value. Because of their multiple implications, those interrelated arguments require extended attention.

We begin our analysis by rejecting defendant's threshold premise that the trial court adopted the jury's determination that plaintiff's actual damages were merely $1. To the contrary, the court was careful, in deciding the equitable claim, merely to adopt by reference in its general

judgment the jury's findings that defendant owed a fiduciary duty to plaintiff and that he breached that duty by acquiring the property for himself. Nothing in the record indicates that the court adopted the jury's damage determination. Defendant is mistaken in contending otherwise.

To the extent that defendant argues that the trial court was bound by the jury's damage determination, the analysis is more complicated. Both defendant and the Court of Appeals appear to have reasoned that the jury's award—even though unsatisfactory to plaintiff—was legally adequate so as to preclude an award of equitable relief. In support of that proposition, defendant relies, as did the Court of Appeals, on decisions by this court holding that equitable relief is not available if there is an adequate remedy at law for the same breach or wrong. *See*, *e.g.*, *Alsea Veneer, Inc. v. State of Oregon*, 318 Or 33, 862 P2d 95 (1993); *Johnson v. Steen*, 281 Or 361, 575 P2d 141 (1978).

It is true that this court repeatedly has discussed—and sometimes has relied on—that principle in cases involving a choice between legal and equitable remedies. It is also true that the meaning of that principle has been the source of confusion over the years, owing in part to the shifting sands of its foundation. In the beginning,

> "the chancery courts were established primarily to mitigate the harsh application of common law in the law courts, [so] the applicant in chancery had to first demonstrate that his remedy at law was 'inadequate.' Because the politically powerful law courts were jealous of their authority, the inadequacy requirement became solidly entrenched as a jurisdictional limitation on the power of the chancellors. Thus, the policy considerations behind the inadequacy rule are largely jurisdictional, based upon the function of the equity courts in English jurisprudence. Although the merger of law and equity has rendered these considerations anachronistic, American courts continue to apply the rule without fully evaluating the continuing validity of its underlying policy considerations."

M.J. Mehr and L.A. Kilgore, *Enforcement of the Real Estate Loan Commitment: Improvement of the Borrower's Remedies*, 24 Wayne L Rev 1011, 1026-27 (1978) (citations omitted).

In Oregon, as elsewhere in the United States, the procedural distinctions between law and equity largely have been abolished. As this court explained in *M. K. F. v. Miramontes*, 352 Or 401, 420, 287 P3d 1045 (2012), in 1979, "the Oregon legislature adopted the Oregon Rules of Civil Procedure (ORCP) and dispensed with the procedural distinctions between law and equity." *See* ORCP 2 (providing, in part, that "[a]ll procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state"); *see also* ORCP 24 A (permitting joinder of legal and equitable claims and defenses in one action). Thus, in Oregon the jurisdictional rationale for the legal adequacy principle no longer exists. That change has altered the nature of the choice between legal and equitable remedies for the same wrong. As a leading authority aptly put it many years ago:

> "In those states which have carried out 'the true spirit of the reformed procedure,' all branches of the law are of equal dignity—the common law, statutory law, and principles of equity. The court does not so much inquire into the question as to the adequacy of a legal remedy as compared with an equitable remedy, as it inquires into the appropriateness of the relief sought."

John Norton Pomeroy, 1 *Pomeroy's Equity Jurisprudence* § 358 (5th ed 1941). In conducting that inquiry, "the growth of modern equity has been in the direction of granting specific relief more freely." William F. Walsh, *A Treatise on Equity* 133-34 (1930).

In the wake of those developments, the adequate legal remedy principle has receded to narrower limits. As pertinent here, when the choice of remedies for breach of fiduciary duty is between a money award and a constructive trust, the rule in Oregon is well established. In *Kroll v. Coach*, 45 Or 459, 472-73, 78 P 397 (1904), this court explained that that a constructive trust may be imposed for breach of a fiduciary duty "wherever it is necessary for the obtaining of complete justice, although the law may also give the remedy of damages against the wrongdoer." In *Kroll*, this court further elaborated:

"[D]efendant has procured something with plaintiffs' money that he is not entitled to have or retain, and it is distorted logic to say that the plaintiffs are entitled to damages, but not to the land which their money has purchased. If the land were worth much less than the purchase price, defendant might be contending that the land, and not damages, was the only relief to which they were entitled. But, legally, they are entitled to either remedy, according to their own choosing. Defendant came by their money fraudulently, and has invested it in property. Plaintiffs may now either ratify the purchase and accept the property, or recover damages for the defendant's fraudulent practices whereby he obtained their funds.

"This solves also the question made by defendant that plaintiffs are without relief in equity because they have an adequate remedy at law."

*Id.* at 474-75.

The foregoing reasoning applies here even though the jury determined that plaintiff's actual money damages, measured in terms of defendant's unjust enrichment when he acquired the property, were a mere dollar. Only a constructive trust would permit plaintiff to obtain the property that defendant misappropriated and to enjoy its benefit. *Butson v. Misz*, 81 Or 607, 613, 160 P 530 (1916); *Ferchen v. Arndt*, 26 Or 121, 126-29, 37 P 161 (1894). Said another way:

"A claimant who seeks restitution via constructive trust—either because property in the hands of the defendant has increased in value, or for the sake of priority against the defendant's general creditors—does not usually have to explain to the court why an award of damages does not afford equivalent relief."

1 *Restatement (Third), Restitution and Unjust Enrichment*, § 4 cmt e (2011).

Defendant nevertheless urges that, because plaintiff's damage claim was properly tried to a jury, the jury's damage finding required the trial court to find in the equitable claim that defendant had not been unjustly enriched. In *Miramontes*, this court stated that Article I, section 17, and

Article VII (Amended), section 3, of the Oregon Constitution,[2] do not guarantee a right to jury trial for claims or requests for relief that, standing alone, are equitable in nature and would have been tried to a court without a jury at common law. 352 Or at 425. However, the court concluded that, in the absence of a showing that the nature of a claim or request for relief is such that, for that or some other reason, it would have been tried to a court without a jury, those provisions do guarantee a right to jury trial on claims or requests that are properly categorized as "civil" or "at law." *Id*. The court also observed that, with the abolition of the procedural distinction between law and equity that permitted the joinder of such claims in a single action,

> "[t]he availability of jury trial must be separately determined for different issues when a case arises presenting both legal and equitable issues. *** Some issues in the same case may involve a right to jury trial while others do not ***.

> "[S]ome care is necessary in order of trial in mixed law and equity cases because of the constitutional right to jury trial. If there are overlapping factual issues between a legal claim and an equitable defense ***, having the court pass on the defense first would settle those factual issues and bind the jury. If under the historical test the plaintiff actually would have been able to maintain an action at law and have the jury pass on those factual issues, the result may be a denial of the right to jury trial. *** The question of order of trial should not be allowed to obscure the question of right to jury trial."

*Miramontes*, 352 Or at 421-22 (internal citations omitted).

In this case, the jury returned its verdict before the trial court decided the equitable claim, so there is no potential problem with the order of trial. Thus, defendant's

---

[2] Article I, section 17, of the Oregon Constitution provides: "In all civil cases the right of Trial by Jury shall remain inviolate." Article VII (Amended), section 3, provides in part that, "[i]n actions at law, where the value in controversy shall exceed $750, the right of trial by jury shall be preserved." Reading those provisions together, this court has explained that Article I, section 17, guarantees a jury trial "in those classes of cases in which the right [to a jury trial] was customary at the time the [Oregon] [C]onstitution was adopted or in cases of like nature." *Lakin v. Senco Products, Inc.*, 329 Or 62, 69, 987 P2d 463 (1999) (quoting *Molodyh v. Truck Insurance Exchange*, 304 Or 290, 295, 744 P2d 992 (1987)).

argument reduces to the proposition that the jury's damage finding prohibited the trial court from making what defendant asserts was an inconsistent finding—that is, that defendant had been unjustly enriched—in awarding a constructive trust. That argument founders on its initial premise that the jury and the trial court made inconsistent findings of fact. As discussed, the jury's damage finding was based on its determination of the value of the property when defendant acquired it at the foreclosure sale. In contrast, in the constructive trust claim, plaintiff sought specific relief that did not require a determination of the value of the property at that point in time. Instead, that relief assigned to plaintiff the potential benefit—as well as the risk of loss—associated with holding the property for a court-ordered sale that would facilitate the winding-up of plaintiff's affairs and satisfaction of its debts. As we already have concluded, plaintiff was entitled to pursue that relief, even though the jury had determined that plaintiff's actual money damages were a mere dollar. Because the constructive trust claim focused on a different sort of unjust enrichment—that is, the benefit of owning the property itself—the jury's damage finding was not material to the availability of equitable relief.[3]

Defendant contends, however, that the fact that plaintiff sought a sale of the disputed property, rather than its outright award, distinguishes this case from other constructive trust cases. The Court of Appeals appeared to regard the remedy of sale as the functional equivalent of a money award and, therefore, not an equitable remedy that plaintiff could elect. *Evergreen West*, 254 Or App at 375 n 1. So understood, the Court of Appeals' reasoning invoked a limitation on equitable relief sometimes associated with the adequate legal remedy principle that is described in the following passage from the *Restatement of Restitution and Unjust Enrichment*:

> "There remains a narrow class of cases in which an equitable remedy (typically constructive trust) may not be allowed merely for the asking; the reasons for the refusal might at one time have been described by saying that the claimant

---

[3] We do not reach the question whether, in making a finding of fact in an equitable claim, a trial court must defer to a jury's previous finding of fact on the same issue in a legal claim in the same action.

had an adequate remedy at law. Such a case is one in which the claimant asks for constructive trust although the effect of the remedy is identical to what would be achieved by an action at law for unjust enrichment. The same limitation means, of course, that this is a case in which constructive trust will not be requested; or if it is requested, it is only because the claimant misconceives the function of the remedy. Constructive trust may be refused in such a case, not because of any supposed primacy of legal over equitable remedies, but because constructive trust is superfluous."

1 *Restatement (Third) of Restitution and Unjust Enrichment*, § 4 cmt e (2011).

That limitation on the availability of equitable relief is not implicated here, though. As discussed, the reach of a constructive trust is not confined to the specific property at issue; it extends to any other property or funds that "can be traced and followed" from the specific property, including proceeds from the sale of that property. *Ferchen*, 26 Or at 129. Because a constructive trust can attach to sale proceeds, no redundancy arises from plaintiff's request for a judgment imposing a constructive trust on the property and ordering its sale, with the net proceeds to be paid to plaintiff.

Here, a sale was ordered not because plaintiff may not have wanted the disputed property, but because plaintiff was required to "do equity if [it] is to obtain equity." *Bechtel v. Bechtel*, 162 Or 211, 220, 91 P2d 529 (1939). Because defendant paid $613,979.49 for the property, plaintiff needed to reimburse those funds to defendant as part of any constructive trust remedy. *Id.* at 219-20. Plaintiff, however, was in "significant financial distress" and facing foreclosure. *Evergreen*, 254 Or App at 383 n 3. The trial court properly could have determined based on those facts that plaintiff lacked the resources to reimburse defendant and could only obtain those funds through sale of the property. In other words, sale was practical, if not necessary, under the circumstances here. *See Cameron v. Benson*, 295 Or 98, 105, 664 P2d 412 (1983) (where equity is concerned, "it is the function of the court to do full and complete justice to the parties. With this principle in mind, the court requires broad discretion in framing its equitable remedies in order to adapt the relief to the circumstances of a particular case").

Consistently with the foregoing considerations, the judgment in this case ordered the property sold for plaintiff's benefit, with the proceeds going first to reimburse defendant for the sum that he paid for the property, and the excess going to plaintiff after the payment of its debts. The judgment also accounted for the fact that defendant had encumbered the property with a $900,000 loan. To the extent that sale proceeds were used to pay off that loan, the first $613,979.49 would be credited toward plaintiff's obligation to defendant, and the next $286,020.51 would result in a money judgment in plaintiff's favor against defendant for that amount (because, while plaintiff owed defendant only $613,979.49, it effectively would be paying $900,000 to satisfy defendant's obligations under the loan).[4] In short, that remedy was not identical to what plaintiff was able to obtain at law.

Finally, as noted, the Court of Appeals disapproved plaintiff's election of its equitable remedy after the jury returned a disappointing verdict. The Court of Appeals explained that plaintiff sought damages at trial which "would wholly compensate" it for defendant's wrongdoing. *Evergreen*, 254 Or App at 375. The Court of Appeals then stated that "[i]t was only after the jury awarded nominal damages on that claim that [plaintiff] requested that the court rule on its alternative request for a constructive trust." *Id.* at 373. In the Court of Appeals' view, that procedural posture rendered a constructive trust impermissible: "Equitable remedies are not for the purpose of correcting disappointing jury verdicts or remedying a failure of proof." *Id.*

The Court of Appeals' statement is inapposite. The doctrine of election between inconsistent remedies does not require an election before the entry of judgment. A party need only choose between or among inconsistent remedies, not inconsistent claims or theories of recovery. ORCP 16 C; *see also Colonial Leasing Co. v. Tracy*, 276 Or 1193,

---

[4] Because the Court of Appeals reversed the constructive trust remedy entirely, it did not resolve defendant's assignment of error asserting that he was entitled to a greater reimbursement than the trial court allowed. *Evergreen*, 254 Or App at 375 n 2. Thus, it is necessary to remand that issue to that court to resolve in the first instance.

1196-97, 557 P2d 639 (1976) ("Ordinarily an election is not made until a judicial proceeding has gone to judgment on the merits."). Accordingly, subject to the limiting principles discussed above, when it comes to an election of remedies, the choice is for the claimant to make, not the defendant or the court. *Kroll*, 45 Or at 474-75 ("[L]egally, [plaintiffs] are entitled to either remedy, according to their own choosing."); *Oregon etc. Colonization Co. v. Strang*, 123 Or 377, 382, 260 P 1002 (1927) ("Defendants have no right to select for plaintiff the remedy or the course of procedure where it has more than one open to it under the law.").

To sum up, the constructive trust that the trial court imposed was available to plaintiff despite the jury's damage award. Although the jury properly determined plaintiff's damages in this case, the jury's damage finding did not foreclose equitable relief because the trial court did not adopt it, and that finding was not necessary to plaintiff's constructive trust claim. Nor was the constructive trust remedy identical to the damage award because plaintiff sought a sale of the disputed property. And, finally, plaintiff—not defendant—was entitled to elect its preferred remedy before the entry of final judgment. It follows that the trial court did not err in awarding a constructive trust in this case, and the Court of Appeals mistakenly concluded otherwise.

We turn briefly to defendant's cross appeal from the Court of Appeals' reinstatement of the punitive damage award that the jury made. It is undisputed that plaintiff was required to elect between its damage and constructive trust claims. Plaintiff pleaded the claims alternatively in its complaint and, as noted, plaintiff expressed its preference for the equitable remedy in its complaint. Moreover, plaintiff has prevailed before this court on its election of the equitable remedy, and it does not assert on review that the trial court erred in requiring it to make an election. It follows that the jury's damage award—including the punitive damage award—must be vacated, and there is nothing for us to decide on defendant's cross appeal; it is therefore moot.

However, plaintiff did assign error before the Court of Appeals to the trial court's ruling that "punitive damages are not legally available for [plaintiff's] claim for a

constructive trust." *Evergreen West*, 254 Or App at 377-78. Because the Court of Appeals reversed the constructive trust award, it concluded that that assignment of error was moot and did not reach it. *Id.* at 378. Our reinstatement of the constructive trust award puts that assignment of error back in play. Accordingly, the Court of Appeals should address it on remand.

The decision of the Court of Appeals is reversed and the case is remanded to that court for consideration, in light of this decision, of the parties' remaining assignments of error.