Submitted on remand from the Oregon Supreme Court March 31, affirmed on appeal and on cross-appeal October 29, 2014

EVERGREEN WEST BUSINESS CENTER, LLC,
an Oregon limited liability company,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

Terry W. EMMERT,
*Defendant-Appellant*
*Cross-Respondent,*

*and*

PREMIER WEST BANK,
*Impartial.*

Clackamas County Circuit Court
CV07020348; A146301

338 P3d 738

Stuart M. Brown and Wiles Law Group filed the briefs for appellant - cross-respondent.

John M. Berman and J. Rion Bourgeois filed the briefs for respondent - cross-appellant.

Before Wollheim, Presiding Judge, and Armstrong, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

.

**SCHUMAN, P. J.**

In this action for breach of fiduciary duty, plaintiff alleged two alternative forms of relief: damages as compensation for the breach, or imposition of a constructive trust whereby property obtained by virtue of the breach would be sold and the proceeds distributed to plaintiff's creditors and its members. With respect to the damages remedy, the jury returned a verdict in plaintiff's favor for $1 in economic damages and $600,000 in punitive damages. However, the trial court reduced the punitive damages award to $4 (based on a four-to-one ratio of punitive to economic damages), at which point plaintiff requested that the trial court instead impose the equitable remedy of a constructive trust. The trial court granted that request.

Plaintiff appealed, and defendant cross-appealed. In *Evergreen West Business Center, LLC v. Emmert*, 254 Or App 361, 375, 296 P3d 545 (2012), we held that plaintiff had an adequate remedy for damages at law and was therefore not entitled to the equitable remedy of a constructive trust "simply because the jury returns a lesser verdict than requested." However, we also held that the trial court had erred in reducing the punitive damages award, so we remanded the case for further proceedings consistent with that conclusion. *Id.* at 385-86.

Plaintiff and defendant both sought review of our decision. The Supreme Court allowed review and reversed our decision regarding plaintiff's entitlement to a constructive trust. *Evergreen West Business Center, LLC v. Emmert*, 354 Or 790, 323 P3d 250 (2014). The court concluded that "the trial court properly permitted plaintiff to elect its equitable remedy" and, for that reason, the court "reinstate[d] *** the constructive trust award." *Id.* at 792, 807. The court further concluded that, because plaintiff had pleaded its legal and equitable remedies in the alternative, the reinstatement of the equitable remedy meant that the "jury's damage award—including the punitive damage award—must be vacated." *Id.* at 806. Thus, the court held that the issues defendant raised

in its cross-petition regarding the damages award were moot.[1] *Id.*

Although the Supreme Court's decision obviated the need to address any issues related to plaintiff's damages claim, the court explained that the reinstatement of the constructive trust also put back in play two assignments of error that we had not reached regarding that equitable remedy. *Id.* at 805 n 4, 807. The first assignment, which was raised by defendant, was whether "he was entitled to a greater reimbursement than the trial court allowed" for the costs he had incurred in keeping and maintaining the property. *Id.* at 805 n 4. The second assignment, raised by plaintiff, was whether the trial court erred in ruling that punitive damages were not legally available on plaintiff's claim for a constructive trust. *Id.* at 806-07. So, rather than affirming the trial court's judgment, the Supreme Court remanded the case to us "for consideration, in light of [its] decision, of the parties' remaining assignments of error." *Id.* at 807.

We now consider those two remaining assignments of error, beginning with defendant's contention that "[t]he Trial Court erred by imposing a constructive trust that included terms that did not require reimbursement of Defendant for his costs incurred in keeping and maintaining the Property from the time he purchased the Property." As the Supreme Court explained, the facts stated in the light most favorable to plaintiff, the prevailing party at trial, *Liles v. Damon Corp.*, 345 Or 420, 423, 198 P3d 926 (2008), are as follows:

> "Plaintiff is a limited liability company that looked to defendant, who was one of its members, to save its property from foreclosure by a lender. Defendant did save the property from foreclosure by purchasing the loan and associated

---

[1] In its briefing in this court, plaintiff had argued that its election of the constructive trust remedy was made "in light of the rulings at the time"—most notably, the court's ruling that $4 was the maximum permissible punitive damages award—and it requested that we address all of its assignments of error (including the amount of punitive damages) and then allow plaintiff to elect its preferred remedy. The Supreme Court's holding, however, treated plaintiff's election of the constructive trust remedy as a binding election, 354 Or at 806, and plaintiff did not seek reconsideration on that issue.

encumbrance for his own benefit for $613,979.49. Defendant then foreclosed on the property himself, bought it at a foreclosure sale with a maximum credit bid, and then encumbered the property with a $900,000 loan from a different lender."

354 Or at 792.

Defendant contended that, although he purchased the loan for a total of $613,979.49, he actually paid more than that ($699,487.21) at the foreclosure sale, and then made payments to keep and maintain the property, including loan fees, interest, insurance, and taxes. He argued that, if a constructive trust was to be imposed, he should be reimbursed for all of those costs, plus any additional costs that he incurred after trial to keep and maintain the property. The trial court rejected that argument.

On appeal, defendant again argues that, if a constructive trust is imposed, he is entitled to be reimbursed for costs to keep and maintain the property. He relies on *Bechtel v. Bechtel*, 162 Or 211, 212-13, 91 P2d 529 (1939), as well as its "predecessors and progeny," to argue that "a constructive trustee who, *in good faith*, improves the property and/or pays taxes and interest on a mortgage (carrying costs) will be entitled to reimbursement of those amounts as a condition precedent to the reconveyance of the property back to the beneficiary of the constructive trust." (Emphasis added.) Defendant contends that he "has acted at all times in good faith" and "gave [p]laintiff every opportunity to acquire financing" and avoid foreclosure.

The short answer to defendant's argument is that his predicate—that he acted in "good faith"—is inconsistent with the trial court's and the jury's view of the record. The trial court repeatedly expressed its desire to credit the jury's factual findings when imposing the constructive trust. And, as we explained in our previous decision, there was ample evidence to support the jury's implicit finding that defendant "saw potentially large profits in breaching his fiduciary duties to [plaintiff] and obtaining the company's real property for himself; and that he made a calculated decision to breach his duties to the company in pursuit of that perceived individual profit." 254 Or App at 386. Because there

was evidence to support a finding, which the jury and trial court implicitly made, that defendant's expenses to keep and maintain the property were part of a calculated breach and not incurred in good faith, we reject his reimbursement argument without further discussion.[2]

The other remaining assignment of error concerns plaintiff's entitlement to punitive damages as part of its claim for a constructive trust. After the jury returned its verdict, plaintiff contended that it was entitled to punitive damages *in addition to* the remedy of a constructive trust. In response, defendant argued that plaintiff's

> "alternative remedies are damages (legal remedy) or imposition of a constructive trust (equitable remedy). The remedies are not 'mix and match,' they are 'either/or.' Not only is this the law, *see Venture Properties, Inc. v. Parker*, 223 Or App 321, 324-25, 195 P3d 470 (2008), but that is the way that Plaintiff has pleaded his case. Plaintiff may elect either remedy, not both."

(Underscoring in original.)

Plaintiff conceded that "[t]he pleadings refer to the two claims as being in the alternative, and the punitive damage allegation is in the legal claim, but not in the equitable claim." Nonetheless, plaintiff argued that the pleading problem "is not a barrier to the Court in including the award of punitive damages with the equitable relief, especially in light of the jury's determination that the profit has not yet been determined * * *." Defendant disagreed, maintaining that "[t]he initial complaint pleads two claims for alterative relief: One legal, asking for damages; the second, asking for imposition of a constructive trust. The cases are pleaded alternatively; either/or." Defendant further explained that the damages claim

> "was amended at one point last year to ask for punitive damages. The claim for constructive trust was never amended to ask for punitive damages. The claims, themselves, are

---

[2] Defendant argues that we should "try the case anew on the record" because the trial court did not make explicit factual findings as to why it did not require reimbursement. We are not persuaded that we should exercise our discretion to review *de novo* in this case, because the jury and trial court were in better positions to assess the credibility of the witnesses and their implicit factual findings are sufficient for purposes of our review.

mutually exclusive. A claim for damages cannot be combined with a claim for constructive trust."

Defendant then went on to explain why, in his view, Oregon appellate cases provide that, "[i]f you do have an availability of damages, then you don't have the equitable remedy of constructive trust."

After further argument by the parties, the trial court ruled, without elaboration, that "punitive damages are not available on the equitable claim," and it later entered judgment to the effect that "[p]unitive damages are not legally available for [p]laintiff's equitable claim for a constructive trust, and the Court will therefore not impose an award of punitive damages with regard to the constructive trust remedy."

On appeal, plaintiff argues that "[p]unitive damages are awardable in Oregon in equity without an award of monetary damages where a plaintiff has suffered an actual harm." *See Goodale v. Lachowski*, 97 Or App 158, 162, 775 P2d 888 (1989) ("[I]n Oregon, proof of actual harm is a sufficient basis upon which punitive damages may be awarded, even without a specific finding or award of actual damages." (Citing *Klinicki v. Lundgren*, 298 Or 662, 695 P2d 906 (1985).)) Defendant responds that the trial court's ruling was correct for either of two reasons: (1) because plaintiff did not plead an entitlement to punitive damages as part of his equitable claim, and (2) because, even if properly pleaded, there was no proof that defendant actually harmed plaintiff, in light of the fact that the constructive trust "allows [p]laintiff only a share of sale proceeds over a certain amount, and there is no evidence that there will be any." We agree with defendant's first argument and affirm on that basis.

Plaintiff's complaint, and its request to add punitive damages, are unambiguous. In the complaint, plaintiff alleged two "claims" as follows:

"FIRST CLAIM

"(Constructive Trust)

"7.

"Defendant Emmert obtained title to said real property by fraud and breach of his fiduciary duty to Plaintiff and the

other members of Plaintiff, and by taking an opportunity that belonged to Plaintiff.

"8.

"The Court should declare that Defendant Emmert holds title to said real property in trust for Plaintiff and said members.

"9.

"The affairs of Plaintiff should be wound up, said real property sold for the benefit of Plaintiff, and the proceeds distributed first to creditors and then to members as their interests may appear.

"SECOND CLAIM

"(Damages)

"10.

"Plaintiff incorporates by reference paragraph 7.

"11.

"As a result of said breach of fiduciary duty, Plaintiff has been damaged in a sum to be determined at trial, but not less than $800,000.

"12.

"Plaintiff reserves the right to plead punitive damages under ORS 31.725."

The prayer, which the Supreme Court likewise quoted in its opinion, expressly makes the two claims "alternative":

"1. Pursuant to its FIRST CLAIM that the Court declare that Defendant holds said real property in a constructive trust for Plaintiff, that the affairs of Plaintiff be wound up and said property sold, and that the proceeds [be] disbursed to pay Plaintiff's creditors and any remaining sum to be distributed to Plaintiff's members; *or*

"2. *In the alternative and in the event no constructive trust is ordered*, then for damages equal to the difference between the fair market value of said real property and the price paid for it by Defendant Emmert, *together with any punitive damages that may be awarded against him*[.]"

(Emphasis added.)

When plaintiff subsequently amended the complaint to allege punitive damages, it amended only paragraph 12 of the complaint (part of the "Damages" claim) and paragraph 2 of the prayer (relating to the "Damages" claim).

Given the way in which this case was pleaded and tried by the parties—*i.e.*, as a case involving *alternative* forms of very specific relief—the trial court did not err in concluding that plaintiff was entitled to a constructive trust *or* punitive damages. As the Supreme Court observed, "[i]t is undisputed that plaintiff was required to elect between its damage and constructive trust claims. Plaintiff pleaded the claims alternatively in its complaint and, as noted, plaintiff expressed its preference for the equitable remedy in its complaint." 354 Or at 806. Presented with two specific alternatives—a claim that sought punitive damages and a constructive trust claim that did not—the trial court correctly ruled that punitive damages were unavailable on plaintiff's constructive trust claim. *Accord Head v. Head*, 261 Or App 478, 489, 323 P3d 505 (2014) (explaining that, although "parties in equity are not necessarily limited to the relief that they seek in their complaint," the "'broad power of a court of equity should not be invoked to shape a decree which was not reasonably contemplated by the parties and which * * * represents a substantial departure from the pleadings and the legal theories relied upon by the parties'" (quoting *Shumate v. Robinson*, 52 Or App 199, 205, 627 P2d 1295 (1981))).[3]

Our rejection of the parties' remaining assignments of error regarding the constructive trust remedy, coupled with the Supreme Court's decision, resolves all of the parties' challenges on appeal—none of which, in the end, was well taken. Accordingly, we affirm on appeal and on cross-appeal.

Affirmed on appeal and on cross-appeal.

---

[3] This case is further distinguishable from those in which courts have fashioned equitable remedies under a prayer for general relief, in that plaintiff here sought very specific remedies.